ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Pamir Construction & Logistic Co. ) | ASBCA No. 60673 |
| ) | |
| Under Contract No. W91B4M-09-C-7256 ) | |

APPEARANCE FOR THE APPELLANT:          Mr. Fazil Rahimi
                                       General Director

APPEARANCES FOR THE GOVERNMENT:        Raymond M. Saunders, Esq.
                                        Army Chief Trial Attorney
                                       CPT Sarah E. Park, JA
                                       MAJ Christopher C. Cross, JA
                                        Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE O'CONNELL ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of jurisdiction, contending that appellant failed to submit a claim pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. We grant the government's motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 10 August 2009, the Department of the Army (Army or government) awarded Contract No. W91B4M-09-C-7256 to appellant, Pamir Construction & Logistic Co. (PCLC)[1] (R4, tab 1). The contract required PCLC to provide labor and materials to perform various construction work, including the construction of four "3-ONEX" guard towers and addition of crushed rock, for improvements to a police station in Afghanistan (supp. R4, tab 9 at 5 of 7). PCLC was required to complete all construction within 90 days of receipt of the notice to proceed (R4, tab 1 at 6), which the contracting officer issued effective 22 October 2009. Thus, PCLC was to complete work by 20 January 2010 (R4, tab 2).

2. The record contains a number of emails between appellant and the government from October 2009 to May 2011 but there is no request for payment from PCLC to the government during this period (R4, tab 3; Bd. corr., app. 28 October 2016

---

[1] The appeal caption has been modified to reflect the name of the contractor in the contract.

email, attachs., "Gmail - RE_Meeting W91B4M-09-C 7256, Seyad Kheil Police Station," "Gmail - RE:_Sayd Kheil Police Station W91B4M-09-C-2-7256").

3. On 6 November 2013, a contract specialist emailed PCLC for the purpose of closing out the contract. In emails dated 10 November and 13 November 2013, PCLC responded that it had purchased materials, but, because no contracting officer's representative had been assigned to the project, it had not started work and did "not have any Invoice or DD250 form." (R4, tab 4)

4. In an email to the contract specialist dated 25 November 2013, PCLC attached what it characterized as an invoice from a supplier of the alleged materials purchased for the construction of the guard towers. Although the invoice contains amounts in U.S. dollars ($41,200 and $10,300), it is otherwise not in English and these amounts do not match the amounts in the documents appellant submitted to the Board on 28 October 2016. (R4, tab 5; *see* SOF ¶ 7)

5. On 17 December 2013, the contracting officer issued Modification No. P00002 to the contract, de-obligating excess funds from the contract and stating that performance never started because no contracting officer's representative had been on site (R4, tab 7).

6. On 10 July 2016, PCLC filed its notice of appeal to the Board, seeking payment for the "materials and other cost" allegedly incurred in performance of the contract.

7. PCLC's submissions to the Board in response to the government's motion to dismiss contain an undated document in which it states "we want to appeal for the materials and other cost" and then lists $40,800 for the guard towers, $14,700 for gravel, and $15,500 for rebar, and includes what may be support documentation for the costs (albeit mostly not in English) (app. 28 October 2016 email, attachs., "Official letter.pdf; Connexs Bill.pdf; Gravel Bill.pdf"; "Rebar and Cement Bill.pdf; SCAN2346_000.pdf"). While PCLC appears to have corresponded with the government by email, there is no evidence that it submitted these documents to the government by email or any other method prior to the filing of this appeal.

## DECISION

The government contends that the Board lacks jurisdiction over this appeal because PCLC did not submit a claim to the contracting officer prior to filing this appeal. PCLC filed two responses to the government's motion but close examination indicated that PCLC's responses pertained to a different appeal pending before the Board. The Board provided PCLC another opportunity to respond to the government's

2

motion (*see* Bd. corr., order dtd. 26 October 2016). By email dated 28 October 2016, PCLC submitted a response that included a number of attachments (*see* SOF ¶ 7).

The Board's jurisdiction under the CDA is dependent upon the contractor's submission of a proper claim to a contracting officer for a final decision. 41 U.S.C. § 7103(a); *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. The CDA does not define the term "claim"; however, FAR 2.101 defines a claim as follows:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. However, a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim under [the CDA], until certified as required by the statute. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

A claim need not be submitted in any particular format or use any particular wording, but it must provide the contracting officer adequate notice of the basis and amount of the claim. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1328 (Fed. Cir. 2010).

As the proponent of our jurisdiction, PCLC has the burden to establish jurisdiction by a preponderance of the evidence. *CCIE & Co.*, 14-1 BCA ¶ 35,700 at 174,816. Based on our examination of the record and PCLC's submissions, PCLC has not met its burden. The record fails to demonstrate that PCLC submitted a claim meeting the requirements of FAR 2.101. Even if we were to assume that PCLC submitted an invoice to the contract specialist on 25 November 2013 seeking payment for the guard towers, the invoice itself is not a claim and there is no evidence in the record that PCLC converted this invoice to a claim. PCLC also has not established that it ever submitted to the contracting officer the documents attached to its 28 October 2016 submission, or that it converted these documents to a claim. Because PCLC has failed to establish that it submitted a claim to a contracting officer before filing this appeal, we lack jurisdiction.

3

## CONCLUSION

The government's motion is granted. The appeal is dismissed without prejudice to the contractor's submission of a claim in a sum certain to a contracting officer.[2]

Dated: 5 December 2016

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60673, Appeal of Pamir Construction & Logistic Co., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

---

[2] If PCLC wishes to file a claim with the contracting officer, it shall so advise government counsel and counsel shall provide PCLC with the name and address of the cognizant contracting officer.

4